# IN THE COURT OF APPEALS OF IOWA

No. 25-0498
Filed March 11, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Joshua Kelly Uranga,**
Defendant–Appellant.

Appeal from the Iowa District Court for Polk County,
The Honorable Kristen Formanek, Judge.

**APPEAL DISMISSED**

Jacob Heard of Iowa Defenders, PLLC, Clive, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., Schumacher, J., and Doyle, S.J.
Opinion by Schumacher, J.

**SCHUMACHER, Judge.**

Joshua Uranga appeals his conviction following a plea of guilty. His sole challenge on appeal is that the district court erred in denying his motion to dismiss based on a violation of the speedy-indictment rule under Iowa Rule of Criminal Procedure 2.33(2)(a). After our review, we dismiss Uranga's appeal.

## I.    Background Facts and Proceedings

In early November 2024, law enforcement filed a criminal complaint against Uranga, accusing him of the theft of property of over $500. A warrant issued for his arrest. As Uranga was confined in the Story County Jail on an unrelated charge, a detainer was placed on Uranga. Uranga then filed three waivers of initial appearance; two of those waivers were filed on November 20, and the third was filed on December 5.

After the first two waivers of initial appearance, the district court entered an order indicating the court "would not accept a waiver of an initial appearance until the defendant has turned himself in on the new arrest warrant and is booked into the Polk County Jail." Following the filing of the third waiver, the district court scheduled an initial appearance for December 13 and ordered the Polk County Sheriff's Department to transport Uranga from the Story County Jail to Polk County. The arrest warrant was served on Uranga and the court conducted an initial appearance with Uranga in Polk County. After the initial appearance, Uranga filed a waiver of counsel.

On January 10, 2025, the State filed a trial information charging Uranga with theft in the third degree—enhanced, in violation of Iowa Code sections 714.1(1) and 714.2(3) (2025). On January 13, Uranga moved to dismiss, alleging a speedy-indictment violation. The court denied that

motion. Uranga requested discretionary review by our supreme court. While that discretionary review was pending, Uranga renewed his motion and filed other motions asserting various theories he believed warranted dismissal. The district court denied all pending motions. On March 6, our supreme court denied Uranga's application for discretionary review. Uranga again moved to dismiss. At a status conference, the court denied the motion to dismiss.[1] Uranga then entered a guilty plea, waived his right to file a motion in arrest of judgment, and requested immediate sentencing. Uranga was sentenced to thirty days of incarceration, with credit for thirty days served; fined $430, which was suspended; ordered to pay victim pecuniary damages; and assessed court costs, which were waived due to a finding of inability to pay category B restitution. Uranga appeals, alleging the district court erred by denying his motion to dismiss based on a speedy-indictment violation.

Before we reach the merits of Uranga's appeal, we must determine whether we can hear it. Our supreme court has held that a guilty plea waives all defenses and challenges not intrinsic to the voluntariness of the plea. *State v. Hanes*, 981 N.W. 2d 454, 460 (Iowa 2022). "A guilty plea puts a lid on the box and presumably concludes a case." *Id.* (citation omitted).

In apparent recognition of this procedural roadblock, Uranga asserts that he entered a conditional guilty plea, which reserves the right to appeal from a guilty plea. Accordingly, we turn first to the issue of appellate jurisdiction.

---

[1] Uranga filed a second application for discretionary review of the March 12 order denying the motion to dismiss, which was denied by our supreme court on April 9.

## II.    Appellate Jurisdiction

A defendant's right to appeal is governed by Iowa Code section 814.6. As provided by statute, a defendant may be granted an appeal as follows:

1. Right of appeal is granted the defendant from:

a. A final judgment of sentence, except in the following cases:

(1) A simple misdemeanor conviction.

(2) An ordinance violation.

(3) A conviction where the defendant has pled guilty. This subparagraph does not apply to a guilty plea for a class "A" felony or in a case where the defendant establishes good cause.

b. An order for the commitment of the defendant for insanity or drug addiction.

2. Discretionary review may be available in the following cases:

a. An order suppressing or admitting evidence.

b. An order granting or denying a motion for a change of venue.

c. An order denying probation.

d. Simple misdemeanor and ordinance violation convictions.

e. An order raising a question of law important to the judiciary and the profession.

f. An order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim.

3. A conditional guilty plea that reserves an issue for appeal shall only be entered by the court with the consent of the prosecuting attorney and the defendant or the defendant's counsel. An appellate court shall have jurisdiction over only conditional guilty pleas that comply with this section and when the appellate adjudication of the reserved issue is in the interest of justice.

Iowa Code § 814.6.

Section 814.6 does not define "good cause," but our supreme court has defined it broadly. In *State v. Damme*, the court stated that "good cause" in section 814.6 means "a legally sufficient reason." 944 N.W.2d 98, 104 (Iowa 2020). And "[w]hat constitutes a legally sufficient reason is context specific." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). The court has also stated that a defendant asserts a legally sufficient reason and establishes good cause to appeal as a matter of right by asserting a claim on appeal for which an appellate court potentially could provide relief. *See id.* at 108–09.

"In determining whether a defendant has asserted a claim on appeal for which an appellate court potentially could provide relief, [the appellate courts] do not assess the merits of the claim." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). Rather, the court determines "whether the claim is of the type for which an appellate court could provide relief." *Id.* "On direct appeal from a guilty plea, Iowa's appellate courts could potentially provide relief where the defendant preserved error for appeal or where the defendant need not preserve error for appeal." *Id.*

The supreme court has recognized a defendant establishes good cause to appeal by asserting a challenge to a sentencing hearing or sentence because a defendant need not preserve error to assert such claims on appeal. *See State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021); *State v. Fetner*, 959 N.W.2d 129, 134 n.1 (Iowa 2021); *Damme*, 944 N.W.2d at 105. But a defendant who asserts only a claim or claims of ineffective assistance of counsel cannot establish good cause to appeal as a matter of right because Iowa's appellate courts are without authority to provide relief on such claim or claims. *See* Iowa Code § 814.7; *Treptow*, 960 N.W.2d at 109–10 ("The defendant has no right to assert a claim of ineffective assistance of counsel on direct appeal, and this court has no authority to decide a claim of ineffective assistance of counsel

on direct appeal."). Our supreme court has also determined that if an appropriate warning is not included in the motion in arrest of judgment advisory, "the defendant's failure to timely file a motion will not preclude a plea challenge on appeal." *State v. Hightower*, 8 N.W.3d 527, 536 (Iowa 2024).

### III.    Conditional Plea of Guilty under Iowa Code section 814.6(3)

Uranga asserts that he entered a conditional guilty plea, and therefore, we have jurisdiction to address the merits of his appeal. We disagree. Our supreme court has addressed conditional guilty pleas and determined "that appeals from conditional guilty pleas are limited to the specific ruling reserved in the conditional plea agreement joined by the State and approved by the district court." *State v. McClain*, 20 N.W.3d 488, 495 (Iowa 2025).

Uranga did not reserve his plea as conditional. A conditional plea must be joined by the State and approved by the district court. *See id.* Such was not done here. There is not a written guilty plea in the appellate record, and on our review of the transcript, there is no mention of the reservation of any issue for appeal in the oral colloquy. And Uranga does not point this court to anywhere in the transcript where he believes the reservation was located.

Rather, Uranga's argument hinges merely on the allegation that he "believed" he was reserving the same. But based on case precedent and a plain reading of the statute, a mere belief does not satisfy the specific statutory requirements for the reservation of a conditional guilty plea. Uranga has failed to establish that he entered a conditional plea of guilty. And because a conditional guilty plea is "limited to the specific ruling reserved in the conditional plea agreement joined by the State and approved by the district court," we have nothing to review. *Id.* "The right to appeal is statutory." *Hightower*, 8 N.W.3d at 534. "It is our duty to reject an appeal not

authorized by statute." *State v. Tucker*, 959 N.W.2d 140, 149 (Iowa 2021) (citation omitted). Because we lack jurisdiction, we dismiss Uranga's appeal.[2]

**APPEAL DISMISSED.**

---

[2] Uranga also asserts that he has good cause to appeal because the advisory regarding the motion in arrest of judgment was insufficient. We agree that the advisory given by the district court was insufficient concerning the right to file a motion in arrest of judgment. A defendant must be advised at the time of their plea that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal. *Hightower*, 8 N.W.3d at 535–36. If this language is not included in the advisory, the defendant's failure to timely file a motion in arrest of judgment will not preclude a plea challenge on appeal. *Id*. But Uranga's jurisdictional challenge on the motion in arrest of judgment language appears to be a red herring, as he is not challenging his guilty plea. His sole challenge on appeal is to the pre-plea motion to dismiss.